

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
MARIA DELUCA,

                      Plaintiff,

           - against -

WEILWOOD INDUSTRIES, INC., SANTEE PRINT
WORKS, VICTOR BAROCAS and LEON BAROCAS

                      Defendants.
----------------------------------------------------------------x

INDEX NO.:

**COMPLAINT**

RECEIVED AUG 29 2005 U.S.D.C. S.D.N.Y. CASHIERS

    The Plaintiff, MARIA DELUCA, by her Attorneys, MIRANDA & SOKOLOFF, LLP, complaining of the Defendants, respectfully alleges as follows:

    1.    Plaintiff is a New York resident, domiciled at 25 Lindsey Street, Yonkers, NY 10704.

    2.    Upon information and belief, defendant WEILWOOD INDUSTRIES, INC. is a New York corporation with offices located at 1384 Broadway, New York, New York and 119 West 40th street, New York, New York.

    3.    Upon information and belief, defendant SANTEE PRINT WORKS, is a foreign corporation authorized to conduct business in New York with offices located at 58 West 40th st., New York, New York..

    4.    Upon information and belief, defendant VICTOR BAROCAS is an officer of WEILWOOD INDUSTRIES, INC.

    5.    Upon information and belief, defendant VICTOR BAROCAS is a principal in WEILWOOD INDUSTRIES, INC.

    6.    Upon information and belief, defendant VICTOR BAROCAS has an ownership interest in WEILWOOD INDUSTRIES, INC.

7. Upon information and belief, defendant VICTOR BAROCAS is an officer of SANTEE PRINT WORKS.

8. Upon information and belief, defendant VICTOR BAROCAS is a principal in SANTEE PRINT WORKS.

9. Upon information and belief, defendant VICTOR BAROCAS has an ownership interest in SANTEE PRINT WORKS.

10. Upon information and belief, defendant LEON BAROCAS is an officer of WEILWOOD INDUSTRIES, INC.

11. Upon information and belief, defendant LEON BAROCAS is a principal in WEILWOOD INDUSTRIES, INC.

12. Upon information and belief, defendant LEON BAROCAS has an ownership interest in WEILWOOD INDUSTRIES, INC.

13. Upon information and belief, defendant LEON BAROCAS is an officer of SANTEE PRINT WORKS.

14. Upon information and belief, defendant LEON BAROCAS is a principal in SANTEE PRINT WORKS.

15. Upon information and belief, defendant LEON BAROCAS has an ownership interest in SANTEE PRINT WORKS.

16. Upon information and belief, at all relevant times, a corporate relationship has existed between WEILWOOD INDUSTRIES, INC. and SANTEE PRINT WORKS.

17. Upon information and belief, at all relevant times, a business relationship has existed between WEILWOOD INDUSTRIES, INC. and SANTEE PRINT WORKS.

18. The dominant subject matter in this Complaint is grounded under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. as amended in 1991 ("Title VII"), the Family and Medical Leave Act of 1993 29 U.S.C. § 2601 et seq., and the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. as amended ("ADEA") .

19. Actions based upon under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. as amended in 1991 and the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. as amended are permitted to be brought before the United States Courts pursuant to 28 U.S.C. § 1331.

20. The dominant subject matter in this Complaint is also grounded under New York State Executive Law § 296.

21. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's claims under New York State Executive Law § 296.

22. Plaintiff was employed by Defendants from January, 1992 through September 17, 2004 and most recently held the position of National Sales Manager.

23. As Plaintiff was employed by Defendants within the Southern District of New York, as a substantial part of the events giving rise to the claim occurred in the Southern District of New York, as the defendants' residences are in the Southern District of New York, under 28 U.S.C. § 1391(b), the Southern District of New York is a proper venue for this action.

24. On March 10, 2005, Plaintiff dually filed a Verified Charging Complaint with the United States Equal Employment Opportunity Commission ("EEOC") and the New York State Division of Human Rights. Said Charging Complaint was designated as EEOC Charge No.: 160-2005-01480.

25. On May 31, 2005, the EEOC issued a "Notice of Right to Sue" to the Plaintiff.

26. This Summons and Complaint is filed within 90 days of plaintiff's receipt of said Notice of Right to Sue.

27. Plaintiff alleges that as a result of the Defendants' hereinafter described conduct, Defendants have violated federal law including Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. as amended in 1991, the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. and New York State Executive Law § 296.

28. Plaintiff demands a jury trial to resolve all issues in this action.

## AS AND FOR A FIRST CAUSE OF ACTION

29. Plaintiff repeats and reiterates each and every allegation hereinbefore set forth with the same force and effect as set forth herein.

30. Plaintiff is female.

31. Plaintiff is over forty (40) years of age.

32. Plaintiff was employed by defendants for over 12 years, from January, 1992 through September 17, 2004.

33. Upon information and belief, Plaintiff had always performed her duties in a satisfactory manner.

34. During her employment tenure with defendants, plaintiff's work environment was permeated with discriminatory ridicule, plaintiff encountered numerous and repeated instances of hostility toward her gender.

35. The vast majority of Defendants' employees, at all relevant times, were female.

36. Defendant Victor Barocas, constantly made comments to plaintiff and the other

female employees that were derogatory and abusive in nature.

37. On numerous occasions, Victor Barocas yelled at and insulted female employees.

38. Victor Barrocas' inappropriate, offensive and hostile remarks and behavior were directed to plaintiff's gender and the gender of the other women in defendants' employ.

39. As a result of the numerous and repeated instances of hostility toward plaintiff's gender and the gender of other women in defendants' employ, the work place was permeated with discriminatory ridicule and intimidation that was sufficiently pervasive and severe so as to create a hostile environment, altering plaintiff's condition of employment.

40. The hostile environment to which plaintiff was subjected on the base of her gender also, demonstrates that plaintiff, in whole or in part, was terminated on account of her gender.

41. Defendants' wrongful, willful and malicious conduct against Plaintiff violated Title VII and New York State Executive Law § 296.

42. As a result of Defendants' wrongful, willful and malicious conduct, Plaintiff is entitled to compensatory damages, back pay, front pay, damages for emotional distress and mental anguish, the monetary value of all employment benefit programs, punitive damages, attorneys' fees, costs and disbursements in an amount to be determined by a jury at trial with appropriate interest.

## AS AND FOR A SECOND CAUSE OF ACTION

43. Plaintiff repeats and reiterates each and every allegation hereinbefore set forth with the same force and effect as set forth herein.

44. On September 17, 2004, Plaintiff was discharged from her employ with Defendants.

45. Despite plaintiff's satisfactory job performance and the fact that sales were constant during plaintiff's tenure, plaintiff was replaced by a significantly younger employee who was under forty (40) years of age and who had limited sales experience.

46. Plaintiff was terminated, in whole or in part, on account of her age in violation of Title VII, the ADEA and New York State Executive Law § 296.

47. As a result of the wrongful, willful and malicious discrimination against plaintiff by Defendants, and the denial of equal opportunity in the terms, conditions, and prerequisites of employment, Plaintiff is entitled to compensatory damages, back pay, front pay, damages for emotional distress and mental anguish, the monetary value of all employment benefit programs, punitive damages, attorneys' fees, costs and disbursements in an amount to be determined by a jury at trial with appropriate interest.

## AS AND FOR A THIRD CAUSE OF ACTION

48. Plaintiff repeats and reiterates each and every allegation hereinbefore set forth with the same force and effect as set forth herein.

49. Plaintiff complained to Defendants on numerous occasions about the discriminatory and hostile working environment to which Plaintiff was subjected.

50. Despite Plaintiff's complaints, said discriminatory and hostile working environment persisted.

51. In June, 2004, plaintiff complained to Leon Barocas, the uncle of Victor Barocas, about the saturation of her work environment with discriminatory ridicule.

52. Defendants terminated plaintiff shortly after her most recent complaint concerning the discriminatory and hostile working environment to which she was subjected.

53. Additionally, plaintiff's husband suffered from lung cancer during plaintiff's employment with defendants. Plaintiff's husband's illness was well known to Victor Barocas and defendants' other principals.

54. Victor Barocas told plaintiff that she was devoting too much of her focus to caring for her ailing husband when, in truth, plaintiff was absent from work on a minimal number of days to attend to her husband's medical condition and assist with his treatment. Said criticism is false and a pretext for unlawful retaliation and discrimination.

55. Defendants terminated plaintiff in retaliation for her complaints concerning the discriminatory and hostile working environment, in violation of Title VII and New York State Executive Law § 296.

56. As a result of the wrongful, willful and malicious discrimination and retaliation against Plaintiff by Defendants, and the denial of equal opportunity in the terms, conditions, and prerequisites of employment, plaintiff is entitled to compensatory damages, back pay, front pay, damages for emotional distress and mental anguish, the monetary value of all employment benefit programs, punitive damages, attorneys' fees, costs and disbursements in an amount to be determined by a jury at trial with appropriate interest.

## AS AND FOR A FOURTH CAUSE OF ACTION

57. Plaintiff repeats and reiterates each and every allegation hereinbefore set forth with the same force and effect as set forth herein.

58. Victor Barocas told plaintiff that she was devoting too much of her focus to caring for her ailing husband when, in truth, plaintiff was absent from work on a minimal number of days to attend to her husband's medical condition and assist with his treatment.

59. Defendants therefore violated the Family and Medical Leave Act of 1993 29 U.S.C. § 2601 et seq. by terminating plaintiff, in whole or in part, because she took minimal time off from work in order to care for her cancer-stricken husband.

60. As a result of the wrongful, willful and malicious discrimination and retaliation against Plaintiff by Defendants, and the denial of equal opportunity in the terms, conditions, and prerequisites of employment, plaintiff is entitled to compensatory damages, back pay, front pay, damages for emotional distress and mental anguish, the monetary value of all employment benefit programs, punitive damages, attorneys' fees, costs and disbursements in an amount to be determined by a jury at trial with appropriate interest.

WHEREFORE, Plaintiff demands judgment in his favor and against the Defendants for all wages, commissions, other compensation and lost benefits, for compensatory damages, for lost pension benefits, for emotional distress, for the reasonable attorney's fees incurred in the prosecution of this action, for liquidated damages, for the costs of this action to be taxed against Defendants, and for such other relief as this Court deems appropriate.

Dated: August 26, 2005
      Mineola, New York

                Yours, etc.,

                MIRANDA & SOKOLOFF, LLP

                _____
                MICHAEL A. MIRANDA (MAM – 6413)
                STEVEN SELTZER (SS – 9023)
                Attorneys for Plaintiff
                240 Mineola Boulevard
                Mineola, New York 11501
                (516) 741-7676
                Our File No.: 04-316

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
MARIA DELUCA,

                                Plaintiff,

                     - against -

WEILWOOD INDUSTRIES, INC.,
SANTEE PRINT WORKS, Leon Barocas, and Victor
Barocas.
                                Defendants.
------------------------------------------------------------------------x

Index No.:

## **SUMMONS AND COMPLAINT**